UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LARRY LYTLE, a/k/a Larry Lytle; IRINA KOSSOVSKAIA; and FREDRETTA L. EASON;<br><br>Defendants. | 5:17-CR-50020-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO UNSEAL TRANSCRIPT OF RETURN OF INDICTMENTS AND RELATED AUDIO RECORDING |

Defendant, Robert Larry Lytle, moves the court to unseal and make available to the public the Transcript of the Return of Indictments and related audio recording of the grand jury's return of the Indictments in this matter. Docket 105. Plaintiff does not object. Docket 107.

28 U.S.C. § 753(b) provides, in pertinent part, that "[e]ach session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim by shorthand, mechanical means, electronic sound recording, or any other method, subject to regulations promulgated by the Judicial Conference and subject to the discretion and approval of the judge." According to the plain language of the Act, electronic sound recordings are not required to be prepared when another official method of recording is used.

Here, the Return of Indictments by the grand jury was officially recorded verbatim by shorthand by a court reporter hired by the court. The court reporter followed her usual procedure by using a stenotype to document all statements made during the grand jury proceeding. She later transcribed her notes into the grand jury proceeding transcript and filed it with the court. The court finds this transcript is the official record of the grand jury proceeding. The court also utilized the For the Record (FTR) recording system during the grand jury proceeding, which is a digital recording made during court proceedings when a court reporter is not available or necessary. *See* http://fortherecord.com. But because the court reporter produced the official record in this case, the court finds that FTR was a back up recording device for court use only. *See Emmel v. Coca-Cola Bottling Co. of Chicago, Inc.*, 904 F. Supp. 723, 752 (N.D. Ill. 1995). As a result, none of the parties are entitled to a copy of the FTR audio recording. Thus,

IT IS ORDERED that defendant Lytle's motion to unseal (Docket 105) is granted in part and denied in part. The Return of Indictments transcript will be unsealed, but the related audio recordings will not be released.

DATED this 4th day of December, 2017.

                                        BY THE COURT:

                                        /s/ *Karen E. Schreier*
                                        KAREN E. SCHREIER
                                        UNITED STATES DISTRICT JUDGE