UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LARRY LYTLE,<br>a.k.a. Larry Lytle,<br><br>Defendant. | 5:17-CR-50020-RAL-1<br><br><br>OPINION AND ORDER DENYING<br>DEFENDANT'S MOTION TO WITHDRAW<br>GUILTY PLEA AND DENYING MOTION TO<br>WITHDRAW AS COUNSEL |

Defendant Robert Larry Lytle, a.k.a. Larry Lytle ("Lytle") entered into a plea agreement and then pleaded guilty on January 26, 2018, to one count of criminal contempt in violation of 18 U.S.C. § 401(3), one count of conspiracy to introduce misbranded medical devices into interstate commerce with the intent to defraud and mislead in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331 and 333(a)(2), and one forfeiture allegation pursuant to 21 U.S.C. §§ 334 and 853, and 28 U.S.C. § 2461. Doc. 178. On April 10, 2018, Lytle moved to withdraw his guilty plea and submitted an affidavit asserting 11 different bases to attempt to justify his proposed withdrawal. Doc. 210; Doc. 210-1. For the reasons stated below, this Court denies Lytle's motion.

I. Standard for a Motion to Withdraw a Guilty Plea

A defendant may withdraw a guilty plea after a court accepts the plea but before it imposes sentence if the defendant "can show a fair and just reason for requesting the withdrawal." United States v. Arafat, 789 F.3d 839, 843 (8th Cir. 2015) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." United States v. Sharp, 879 F.3d 327, 333 (8th Cir. 2018). "A defendant bears the burden of establishing a fair and just reason."

1

Id. Indeed, "[p]leading guilty is a solemn act not to be set aside lightly." United States v. Briggs, 820 F.3d 917, 919 (8th Cir. 2016) (internal quotation marks omitted).

"Even if a defendant shows a fair and just reason for withdrawal, the court must consider other factors before granting the motion, namely, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." United States v. McHenry, 849 F.3d 699, 705 (8th Cir. 2017) (internal quotation marks omitted). However, a court need not consider these additional factors if a defendant fails to demonstrate fair and just grounds justifying the withdrawal of his plea. United States v. Norvell, 729 F.3d 788, 793 (8th Cir. 2013).

## II. Discussion

Lytle makes numerous contentions to seek to justify granting his motion to withdraw his guilty plea. Some of these reasons are closely related and this Court addresses them together where appropriate.

<u>Deficient Legal Basis for Prosecution</u>

Lytle argues that his motion to withdraw his guilty plea should be granted because no law, which is valid under the Constitution of the United States, has been violated, nor is there a victim who has been injured by any of Lytle's actions. These claims are frivolous. Lytle has been charged with, and pleaded guilty to, crimes under statutes whose constitutionality is established. See Bloom v. State of Ill., 391 U.S. 194, 203–04 (1968) (recognizing that 18 U.S.C. § 401 codifies the power to punish criminal contempt); United States v. Hiland, 909 F.2d 1114, 1127 (8th Cir. 1990) (holding that Federal Food, Drug, and Cosmetic Act provision prohibiting marketing of unapproved drug with intent to defraud or mislead was not unconstitutionally vague). As to Lytle's claims that there are no victims, such assertions by a defendant do not constitute fair and just reasons to allow him to withdraw his guilty plea when he is charged pursuant to valid laws. Indeed, the absence of identifiable victims—

which is actually not the case here—does not render behavior outlawed by criminal statutes to be lawful, as a panoply of federal drug offenses demonstrate.

Ineffective Assistance Claims

"Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." Norvell, 729 F.3d at 795 (quoting United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996)). However, while ineffective assistance of counsel may constitute a ground upon which to withdraw a guilty plea, the Eighth Circuit has observed that such claims are "usually best litigated in collateral proceedings," with the benefit of a more fully developed record. United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) (declining to consider, on defendant's direct appeal, his argument that he should have been permitted to withdraw his guilty plea due to ineffective assistance of counsel).

Lytle's ineffective assistance claims appear to be meritless. Lytle alleges that his attorney Ellery Grey ("Grey") "forgot" to put a clause in the plea agreement to protect his "constitutionally secured right to [a]ppeal, trial by jury and other rights[,]" and that Lytle would "never knowingly or willingly" have waived his right to challenge his indictment. Doc. 210-1 at ¶ 31. Lytle argues that Grey's failure to inform him of the procedures for entering a conditional plea thus constitute ineffective assistance. Doc. 210-1 at ¶ 32. The United States Attorney of course would never enter into a plea agreement where a defendant preserves his jury trial rights because a primary purpose of a plea agreement is to obtain a conviction on some count or counts without the time and expense of a jury trial. The United States Attorney rarely enters into a plea agreement where a defendant preserves rights to challenge an indictment on appeal, and regardless Lytle has the right to challenge jurisdiction of this Court on appeal. Lytle was fully informed during his change of plea hearing that he was waiving his rights to appeal most aspects of his case.

3

> The Court: In your Plea Agreement it indicates you have waived, which means you've given up, your right to appeal everything about your case, except if I sentence you higher than your advisory guideline range. You can appeal whether that's reasonable or not. Or if you think the Court doesn't have jurisdiction over you or your case, you can appeal whether there's jurisdiction. But you've given up your right to appeal everything else about your case. Do you understand that?
>
> [Lytle]: Yes.

Doc. 231 at 9–10.

Lytle's argument that he would never have waived his right to challenge his indictment is "plainly contradicted by the Rule 11 colloquy at [Lytle's] change-of-plea hearing." United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016); see also United States v. Cruz, 643 F.3d 639, 642–43 (8th Cir. 2011); United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008). Indeed, Lytle's claims for ineffective assistance are further undermined by the fact that he does not have a *right* to enter a conditional plea, but may do so only if the Government consents. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005) (noting that a defendant's argument to withdraw his guilty plea was undermined by the fact that the Government's consent to a conditional plea "was not forthcoming" prior to entering his guilty plea). Moreover, Lytle's history of withdrawing from his earlier plea agreement before his change of plea demonstrates his relative sophistication and understanding of his rights to enter or not enter into a plea agreement. Lytle was fully informed that he was giving up certain rights to appeal, and he entered his plea knowingly and voluntarily. He has no viable claim that ineffective assistance from his counsel led him to give up those rights.

Coercion Claims

Lytle claims that the Government coerced him into entering a guilty plea by agreeing to dismiss the charges against his wife, Fredretta Eason. Doc. 210 at 3. However, Lytle testified at his change of plea hearing that he was entering into his guilty plea voluntarily and specifically rejected the notion that he was doing so based on coercion.

4

> The Court: Has anyone made any promise or assurance to you that's not written down in writing in the Plea Agreement or the Plea Agreement Supplement to try to persuade you to accept those agreements?
>
> [Lytle]: No
>
> The Court: Has anyone threatened you in any way to try to persuade you to accept those agreements?
>
> [Lytle]: No.
>
> . . .
>
> The Court: Mr. Lytle, has anyone attempted in any way to force you to plead guilty today?
>
> [Lytle]: No.
>
> The Court: Has anyone threatened you to try to make you plead guilty?
>
> [Lytle]: No.
>
> The Court: Are you pleading guilty of your own free will because you are guilty?
>
> [Lytle]: Yes.

Doc. 231 at 5–6.

The Rule 11 colloquy at Lytle's change of plea hearing clearly demonstrates that Lytle was not entering the plea based on any form of coercion, but rather of his own accord and free will. "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." McHenry, 849 F.3d at 706 (internal quotation marks omitted). "The district court inquired fully into [Lytle's] state of mind at the time of the change of plea hearing, whether he had adequately reviewed and considered the plea agreement, and whether he understood the plea agreement and the consequences of pleading guilty." United States v. Austin, 413 F.3d 856, 858 (8th Cir. 2005) (per curiam); see also United States v. Dotstry, No. 16-346 (SRN/HB), 2017 WL 5462183, at *6 (D. Minn. Nov. 13, 2017) (rejecting defendant's motion to withdraw guilty plea based on coercion where "[a]t the change of plea hearing, [defendant] testified that he entered the plea voluntarily, of his own free will and absent any coercion"). Lytle's allegations of coercion, plainly contradicted by his testimony

5

at his change of plea hearing, fail to constitute fair and just reasons to allow him to withdraw his guilty plea now.

Denial of a Trial by Jury in Civil Case

Lytle argues that because he was denied his request for a jury trial in the civil case "that initiated all federal actions against" him, he should now be permitted to withdraw his guilty plea in this criminal case. This claim also is without merit. In United States v. 2035, Inc., 5:14-CV-5075-KES, the United States sued Lytle and certain of his businesses seeking a permanent injunction against further sales of the Q Laser and associated products. Lytle was not entitled to a jury trial in the civil case because a jury trial is not required for an action purely in equity under the Seventh Amendment. See United States v. State of La., 339 U.S. 699, 706 (1950) ("Louisiana's motion for a jury trial is denied. We need not examine it beyond noting that this is an equity action for an injunction and accounting."); United States v. Articles of Drug Consisting of the Following: 5,906 Boxes, 745 F.2d 105, 112 (1st Cir. 1984) ("An action for an injunction under 21 U.S.C. § 332(a) is . . . purely equitable in nature, and a jury trial on the injunction alone would not be required under the Seventh Amendment."). Moreover, Lytle cites no authority to support his contention that he should be permitted to withdraw his guilty plea in this criminal matter because he was denied a jury trial to which he had no right in a separate (though related) civil case. The absence of a jury trial in the civil case does not constitute a fair and just reason to support his motion to withdraw his guilty plea.

Due Process Claims

Lytle submits a number of claims which he characterizes as due process violations to justify withdrawing his guilty plea. Doc. 210-1 at 6. First, Lytle claims that he was not given sufficient time to present his "side of the story" to the grand jury whereas the government had "6-8 months to prepare their case against" him. However, this is not a due process violation, as Lytle has no right to appear in front of the grand jury at all. See Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994) (defendant has no right to appear before the grand jury); United States v. Fritz, 852 F.2d 1175, 1178 (9th Cir.

6

1988) ("A person under investigation by a grand jury has no right to appear before the grand jury."); United States v. Smith, 552 F.2d 257, 261 (8th Cir. 1977) ("A defendant presently has no absolute right to appear before the grand jury that is investigating him or to have his counsel present."). Second, Lytle believes the grand jury foreperson may have had a conflict of interest with him and the name of that foreperson has not been produced to Lytle. However, Lytle has no right to the name of the grand jury foreperson, and hence he has not articulated a due process violation. See Schlegel v. Paulose, Civ. No. 07-4032 ADM/JSM, 2008 WL 108991 (D. Minn. Jan. 9, 2008) ("[C]riminal defendants 'are not normally entitled to the names of the members of the grand juries that indicted them' because such disclosure 'could facilitate intimidation of or retaliation against those grand jurors.'" (quoting In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir. 1990))). To obtain the names of grand jurors, a defendant must show a particularized need for that information. Id. Lytle asserts that he appeared before the grand jury foreperson who he believed "may have had a conflict of interest with" him. Doc. 210-1 at 6. It does not appear that Lytle made a motion pursuant to Rule 6 of the Federal Rules of Criminal Procedure to obtain the name of the jury foreperson, and even had he done so his bare assertion that he thinks a person whose name he apparently does not know has a conflict of interest with him falls short of demonstrating the requisite particularized need for that information. But even assuming Lytle should have received the name of the grand jury foreman, "any error in the grand jury proceedings must be considered harmless in light of [Lytle's] guilty plea." United States v. Hansel, 70 F.3d 6, 8 (2d Cir. 1995) (citing United States v. Hefner, 842 F.2d 731, 733 (4th Cir.), cert. denied, 488 U.S. 868 (1988)).

Lytle also makes a frivolous claim that that he was deprived of due process in his civil case because the designated plaintiff was the "United States of America" and 21 U.S.C. § 337(a) requires that proceedings under that chapter be brought in the name of the "United States." The United States *is* the United States of America and there was no due process violation in Lytle's civil case, nor would

that impact his criminal case. None of Lytle's claimed due process violations constitute a fair and just reason to support his motion to withdraw his guilty plea.

Miscellaneous Claims

Lytle argues that because his case has been pending for 3.5 years, the United States will not be prejudiced by a reasonable delay in sentencing. Prejudice to the government is a factor this Court would examine only if Lytle first provides a fair and just reason to withdraw his guilty plea. That the government might not be prejudiced by a delay in sentencing is not itself a fair and just reason for a defendant to withdraw a guilty plea. See Norvell, 729 F.3d at 793 (noting a court need not consider the additional factors of claimed innocence, length of time between guilty plea and motion to withdraw, and prejudice to the government if a defendant fails to provide fair and just reasons justifying the withdrawal of his plea).

Lytle next argues that this Court should allow him to withdraw his guilty plea because he has filed a civil suit in the Seventh Judicial Circuit Court of South Dakota, requesting a jury trial to determine the validity of the indictment in this case. A state court has no power to determine the validity of a federal indictment, and the fact that Lytle has filed an apparently frivolous lawsuit in state court is not a fair and just reason which supports his motion to withdraw his guilty plea. Furthermore, despite Lytle's contention to the contrary, this Court has already addressed his arguments as to the validity of his indictment, and denied his accompanying motions to dismiss that indictment. See Doc. 102; Doc. 136.

Finally, Lytle argues he should be permitted to withdraw his guilty plea because any sentence "other than time served or house arrest will be a death sentence." Doc. 210-1 at 7. Consideration of a defendant's health and the kind of treatment he may require is a factor for this Court to consider at sentencing. See 18 U.S.C. § 3553(a)(2)(D) ("The court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed to provide the defendant with needed . . .

medical care."). However, a defendant's particular health status is not a fair and just reason to support a motion to withdraw a guilty plea that was voluntarily and knowingly entered.

**III. Grey's Motion to Withdraw as Counsel**

Meanwhile, attorney Grey filed a motion to withdraw as counsel, Doc. 211, because ineffective assistance of counsel claims were made by Lytle. Lytle retained Grey privately and has not sought to have different counsel represent him or to proceed pro se. In short, Lytle has not fired Grey nor joined in the motion for Grey to withdraw.

An attorney may not, in the absence of a client's consent, withdraw from the case without justifiable cause, and then only after proper notice to the client and on leave from the court. Lovvorn v. Johnston, 118 F.2d 704, 706 (9th Cir.), cert. denied, 314 U.S. 607 (1941). Pursuant to the local rules of criminal practice in the District of South Dakota, an attorney may only withdraw from representing a client without substitution upon motion for good cause, and notice of that motion must be provided to the client. D.S.D. Crim. LR 57.4(C).

Grey cites Grady v. United States, 715 F.2d 402 (8th Cir. 1983) (per curiam), to support his motion to withdraw as counsel. In Grady, the defendant was arrested for attempting to exchange counterfeit bills, which he claimed he had received from his lawyer. Id. at 403. The United States informed the lawyer that he was to be subpoenaed as a government witness, and he subsequently withdrew as the defendant's attorney and testified at trial. Id. at 403–04. Withdrawal was appropriate in Grady where the lawyer's testimony was important to the government's case against the defendant, but Grey of course will not be required to testify against Lytle at his sentencing. Lytle's apparently frivolous claims of ineffective assistance of counsel and increasing wildness in his filings and claims do not justify granting Grey's motion to withdraw as counsel.

## IV. Conclusion

For the reasons explained above, it is hereby

ORDERED that Lytle's motion to withdraw guilty plea, Doc. 210, is denied and the sentencing hearing will proceed as scheduled. It is further

ORDERED that Grey's motion to withdraw as counsel, Doc. 211, is denied as there appears to be no merit to the contention of ineffective assistance of counsel, Lytle is not himself seeking to proceed pro se or discharge his privately retained attorney, and such contention is better addressed in a 28 U.S.C. § 2255 motion after sentence and any appeal.

DATED this 17th day of April, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE