UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ROBERT LARRY LYTLE, A.K.A. LARRY LYTLE Defendant. | 5:17-CR-50020-RAL  OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT |
|---|---|

Defendant Robert Larry Lytle, a.k.a. Larry Lytle ("Lytle"), entered into a plea agreement and then pleaded guilty on January 26, 2018, to one count of criminal contempt in violation of 18 U.S.C. § 401(3), one count of conspiracy to introduce misbranded medical devices into interstate commerce with the intent to defraud and mislead in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331 and 333(a)(2), and one forfeiture allegation pursuant to 21 U.S.C. §§ 334 and 853, and 28 U.S.C. § 2461. Doc. 178. On April 20, 2018, this Court sentenced Lytle to 60 months on the conspiracy count followed by 84 months on the contempt charge, with service of the time consecutively, together with forfeiture of certain assets, restitution left open, supervised release and special assessment. The sentence was well below the guideline range of life faced by Lytle. At the conclusion of Lytle's sentencing hearing, Lytle filed a motion arguing for dismissal of his indictment on the basis of a lack of jurisdiction, bad faith, and prosecutorial misconduct. Doc. 259. Lytle additionally argues, once again, that he should be allowed to withdraw his guilty plea based on ineffective assistance of counsel.

Lytle's claims regarding lack of jurisdiction, bad faith, and prosecutorial misconduct are all based upon his mistaken contention that the indictment in this case is invalid because the grand jury

1

foreperson, Lytle believes contrary to the record, did not appear before and return the indictment to a magistrate judge in violation of Fed. R. Crim. P. 6(f). Doc. 259 at 2. This Court has already addressed this claim and found it to be meritless when it denied Lytle's first motion to dismiss the indictment. Doc. 102. Lytle's conspiratorial claims of bad faith on the part of Judge Schreier in failing to properly scrutinize the transcript of the grand jury proceeding and prosecutorial misconduct on the part of Magistrate Judge Wollman, attorney Goldstein and attorney McBride in manufacturing that transcript, are without merit and will not occupy this Court's time any further.

Lastly, Lytle argues that he should be permitted to withdraw his guilty plea based on claims that his attorney, Ellery Grey ("Grey") provided ineffective assistance of counsel. Doc. 259 at 3–8. Part of Grey's allegedly deficient performance is based on the failure to preserve Lytle's rights to appeal by failing to negotiate a conditional guilty plea with the United States Attorney's Office on Lytle's behalf. This Court addressed these claims when it denied Lytle's prior motion to withdraw his guilty plea, and denies them again for the reasons stated in that opinion. See Doc. 246 at 3–4.

Lytle further asserts that he was denied effective assistance of counsel because Grey failed to file an interlocutory appeal when his motion to dismiss his indictment based on Rule 6(f) was denied. Doc. 259 at 4–5. However, Lytle could not seek an interlocutory appeal from this Court's denial of his motion to dismiss his indictment, thus Grey's failure to file for such an appeal does not constitute ineffective assistance of counsel. "Claims in a motion to dismiss other than double jeopardy claims are appealable if and only if they fall within Cohen's collateral-order exception to the final-judgment rule." United States v. Lewis, 844 F.3d 1007, 1010 (8th Cir. 2017) (alterations omitted) (internal citations and quotation marks omitted). Under the Supreme Court's holding in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949), "the collateral order exception applies, and a pretrial order is immediately appealable, if (1) the order conclusively determines the disputed question, (2) it resolves an important issue separate from the merits of the action, and (3) it [is] effectively unreviewable on appeal from a final judgment." Lewis, 844 F.3d at 1011 (alteration in original) (internal quotation

marks omitted). Lytle's claim that the indictment is deficient under Rule 6(f) is not "effectively unreviewable on appeal from a final judgment" and therefore does not fall within the collateral order exception. Thus, the Eighth Circuit would not have heard an interlocutory appeal on that issue, and the fact that Grey did not seek one does not constitute ineffective assistance of counsel.

Lytle's motion then focuses on how a guilty plea does not waive all rights to appeal the constitutionality of the statute of conviction. Indeed, even after waiving most rights to appeal his case by entering into a guilty plea, Lytle still maintains the right to challenge this Court's jurisdiction on appeal. An interlocutory appeal was not available to Lytle when his motion to dismiss his indictment was originally denied by this Court on October 30, 2017, nor after he entered his guilty plea on January 26, 2018. Now that Lytle's sentence has been entered, he is free to challenge this Court's jurisdiction to the Eighth Circuit and can attempt to present to the Eighth Circuit his arguments for dismissal of his indictment or withdrawal of his guilty plea.

For the reasons stated above, it is hereby

ORDERED that Lytle's motion to dismiss his indictment, Doc. 259, is denied.

DATED this 24th day of April, 2018.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE