UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LARRY LYTLE,<br><br>Defendant. | 5:17-CR-50020-RAL<br><br><br>OPINION AND ORDER GRANTING DEFENDANT IN FORMA PAUPERIS STATUS, APPOINTING COUNSEL, AND DENYING DEFENDANT'S MOTION FOR PLACEMENT ON HOME CONFINEMENT |
|---|---|

Defendant Robert Larry Lytle, a.k.a. Larry Lytle ("Lytle"), entered into a plea agreement and then pleaded guilty on January 26, 2018, to one count of criminal contempt in violation of 18 U.S.C. § 401(3), one count of conspiracy to introduce misbranded medical devices into interstate commerce with the intent to defraud and mislead in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 331 and 333(a)(2), and one forfeiture allegation pursuant to 21 U.S.C. §§ 334 and 853, and 28 U.S.C. § 2461. Doc. 178. On April 20, 2018, this Court sentenced Lytle to 60 months on the conspiracy count followed by 84 months on the contempt charge, with service of the time consecutively, together with forfeiture of certain assets, supervised release and special assessment. The United States, pursuant to 18 U.S.C. § 3664, requested this Court to hold the issue of restitution open and a hearing was set for July 30, 2018, to make a final determination on that issue.

Subsequent to his sentencing, Lytle filed an appeal of his conviction to the Eighth Circuit, discharged his previously retained counsel, and sought to proceed in forma pauperis ("IFP") and to have the Court appoint counsel to represent him. Doc. 278. Because Lytle sought IFP status for his appellate proceedings only and because this Court was aware that there was a substantial

1

issue about whether Lytle in fact was indigent, this Court deferred to the Eighth Circuit to rule on Lytle's motion. Doc. 279. The Eighth Circuit ultimately granted Lytle's motion to proceed IFP despite the objection of the United States and appointed counsel to represent Lytle in his appeal. Doc. 293, Doc. 296. Lytle has filed another motion with this Court to be placed on home confinement pending his appeal. Doc. 292. For the reasons stated below, this Court grants Lytle's motion to proceed IFP as to his restitution hearing, and denies Lytle's motion to be placed on home confinement during the pendency of his appeal.

I. Analysis

A. IFP Status and Court-Appointed Counsel

Pursuant to the authority granted in 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security" when an individual is unable to pay those fees or give security. 28 U.S.C. § 1915(a)(1). This Court may also "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). On May 16, 2018, as part of an Order Denying Motion for Release Pending Appeal and Regarding IFP Status, Doc. 279, this Court discussed the issue of whether Lytle is indigent as follows:

> The Eighth Circuit, even after an appeal is filed, commonly looks to the District Court to evaluate whether a pro se inmate appellant is indigent. Lytle's case presents a difficult circumstance for this Court to rule on indigency. Lytle grossed some $16 million off of sales of lasers for treatment of medical conditions for which they were not approved. But as the United States first civilly and then criminally pursued Lytle, Lytle reportedly transferred very significant assets to family members and then agreed to forfeiture of much of his remaining assets to prompt the United States not to seek detention pending sentencing. Lytle also has had privately retained counsel throughout the pendency of his case, which no doubt has been of consequential expense apparently covered by Lytle's family members. Lytle's Motion and Affidavit for Permission to Appeal in Forma Pauperis, Doc. 278, might well be incomplete but suggests

> that, if not indigent, he is nearly devoid of assets in his own name presently. Absent an objection from the United States, which has more information on Lytle's worth than does this Court, this Court would be inclined to recommend granting of the IFP request.

Doc. 279 at 2. The United States did file an objection with the Eighth Circuit, which this Court has read, but the Eighth Circuit nonetheless granted Lytle's motion to proceed IFP. Doc. 293.

This Court believes it appropriate to grant Lytle IFP status and appoint counsel to represent him at his restitution hearing. The objection to Lytle's motion filed with the Eighth Circuit by the United States was based largely upon the transfer of assets which this Court noted in its earlier Order made the question of IFP status a difficult one. However, the Eighth Circuit apparently agreed with this Court's earlier inclination to grant Lytle IFP status despite the objections of the United States. As Lytle appears to be nearly devoid of assets at the present time, this Court grants his motion to proceed IFP as to his restitution hearing scheduled for July 30, 2018, and will appoint attorney Nathaniel F. Nelson to represent Lytle at that hearing.

**B. Placement on Home Confinement**

Lytle's motion to be placed on home confinement pending his restitution hearing and appeal is primarily based upon his misinterpretation of the Bail Reform Act. Lytle quotes from 18 U.S.C. § 3143(b)(2), which mandates that a person found guilty of certain offenses be detained pending appeal without exception. One such offense is "an offense for which the maximum sentence is life imprisonment or death." 18 U.S.C. § 3142(f)(1)(B). Lytle argues that because 18 U.S.C. § 401 does not provide a specific term of incarceration, but rather provides for the imposition of "a fine or imprisonment, or both at [the Court's] discretion," he is not guilty of an offense which carries a maximum sentence of life imprisonment, and thus § 3143(b)(2) does not bar his release to home confinement. 18 U.S.C. § 401.

3

However, even if the provision barring the release of an individual found guilty of a crime carrying a maximum sentence of life imprisonment does not apply to Lytle, he is still not entitled to be released during the pendency of his appeal because he does not meet the statutory standards for such release. The Bail Reform Act mandates that, subject to the exception in § 3143(b)(2), a person who has been found guilty of an offense and sentenced be detained during the pendency of an appeal unless a judicial officer finds

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; *and*
> (B) that the appeal is not for the purposes of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (emphasis added). Lytle's appeal is premised on three primary bases: 1) that the permanent injunction entered in his civil case violated certain commercial rights guaranteed to him under the Constitution; 2) that he had ineffective assistance of counsel in both his civil and criminal cases; and 3) that this Court lacked jurisdiction over his criminal case because of an invalid indictment. Doc. 292 at 5. These claims strike this Court as lacking merit, and certainly not "likely to result" in a reversal, new trial, or a reduced or eliminated sentence. The Eighth Circuit has previously doubted Lytle's theory that his alleged commercial rights place him beyond the strictures of the Food, Drug, and Cosmetic Act (FDCA). See Lytle v. U.S. Dept. of Health & Human Servs., 612 F. App'x 861, 862 (8th Cir. 2015) (per curiam) ("That a product is sold through a [Private Membership Association] does not exempt it from application of this

4

provision [of the FDCA]."). Lytle's privately retained attorney appeared to this Court to provide proper counsel and assistance. This Court repeatedly has reviewed and rejected Lytle's assertion that the indictment was somehow invalid. Doc. 102; Doc. 136; Doc. 265. Because there is no substantial question presented by Lytle's appeal, he should not be released from confinement during the pendency of his appeal. See United States v. Powell, 761 F.2d 1227, 1233–34 (8th Cir. 1985) (holding that "a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way"). [1]

In addition, Lytle believes his current incarceration is invalid because there was no detention hearing prior to his pre-sentencing incarceration which he believes was mandated by 18 U.S.C. § 3142(f). However, that provision mandates that a detention hearing be held in order to determine whether a defendant charged with certain offenses (including an offense which carries a maximum sentence of life imprisonment) can be released *pending trial*. At the time Lytle was taken into custody on a report of apparent bond violation, he had already plead guilty and was awaiting sentencing, not trial. The reference in § 3143(b)(2) to the offenses listed in § 3142(f)(1) is merely to establish that defendants who have been found guilty of those particular offenses may not be released from custody during the pendency of an appeal. Whether or not a detention hearing to which he was not entitled was held prior to Lytle's pre-sentencing incarceration is irrelevant to Lytle's current motion; he is not facing trial but has pleaded guilty to and been sentenced for his

---

[1] Lytle further argues that he is not guilty of an offense carrying a maximum sentence of life imprisonment because under the United States Sentencing Guidelines, Lytle "could not have been given a sentence of life imprisonment." Doc. 292 at 4. Lytle's guideline range did indeed provide for a maximum sentence of life imprisonment, but as Lytle cannot satisfy the requirements of 18 U.S.C. § 3143(b)(1) for release from custody during the pendency of his appeal, his incorrect assertions regarding the Sentencing Guidelines are irrelevant to the disposition of this motion.

5

crimes. Any release from incarceration during the pendency of his appeal must be premised upon the criteria set out in 18 U.S.C. § 3143(b)(1), and as explained above this is a bar that Lytle cannot meet.

Lytle also argues that the language of 18 U.S.C. § 3143(b) that a person "who has been found guilty of an offense" be detained renders the statute inapplicable to him because he was not found guilty "in any trial by a jury of his peers." Doc. 292 at 3. Having pleaded guilty in lieu of trial, Lytle is correct in contending that he was not found guilty by a jury of his peers. However, the statutory language does not mandate that a defendant be found guilty by a jury, but simply found guilty. Despite his current contentions to the contrary, Lytle knowingly and voluntarily entered into his plea agreement and pleaded guilty, the Court accepted his guilty plea and adjudged him guilty, and thus he "has been found guilty" of an offense and must be detained during the pendency of his appeal.

Lastly, Lytle argues that this Court showed "bias and prejudice against [Lytle] by stating 'anyone who believes in the healing powers of lasers is crazy (or words to that effect).'" Doc. 292 at 4. Lytle is misquoting this Court, although this Court doubted the medical efficacy of the QLaser product to treat the wide array of medical conditions as claimed by Lytle, which is the basis of the civil and criminal actions taken against him by the United States, and expressed that Lytle had targeted a vulnerable group including desperately ill people and those gullible about alternative homeopathic remedies for serious medical conditions. Regardless, statements such as those, based in fact under the circumstances, do not amount to bias, and the fact that this Court sentenced Lytle to a total of 12 years of incarceration when he faced a guideline range of up to life imprisonment belies the idea that this Court was biased or prejudiced against him. Lytle is free to make this

argument to the Eighth Circuit on his appeal, but it does not justify his release to home confinement at this time.

Lytle also requests to be placed on home confinement because his incarceration is preventing him from properly preparing for his restitution hearing. While Lytle's motion to be placed on home confinement is denied, this Court has directed that arrangements be made to return Lytle to Rapid City. Lytle should be able to work with his court-appointed attorney to prepare for his restitution hearing both before and after his transport.

## II. Conclusion

For the reasons stated above, it is hereby

ORDERED that Lytle's motion to proceed in forma pauperis as to his restitution hearing, Doc. 278, is granted. It is further

ORDERED that attorney Nathaniel F. Nelson is appointed to represent Lytle at his restitution hearing. It is finally

ORDERED that Lytle's motion to be placed on home confinement pending his restitution hearing and appeal, Doc. 292, is denied.

DATED this 6th day of July, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE