UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | 5:17-CR-50020-01-RAL |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING DEFENDANT'S SECOND MOTION TO WITHDRAW GUILTY PLEA |
| ROBERT LARRY LYTLE, a/k/a Larry Lytle, | |
| Defendant. | |

Defendant Robert Larry Lytle, a/k/a Larry Lytle, entered into a plea agreement and then pleaded guilty on January 26, 2018, to one count of criminal contempt in violation of 18 U.S.C. § 401(3), one count of conspiracy to introduce misbranded medical devices into interstate commerce with the intent to defraud and mislead in violation of 18 U.S.C. § 371 and 21 U.S.C. § 331 and 333(a)(2), and one forfeiture allegation pursuant to 21 U.S.C. §§ 334 and 853, and 28 U.S.C. § 2461. Doc. 178. On April 10, 2018, Lytle moved to withdraw his guilty plea and submitted an affidavit to attempt to justify his proposed withdrawal, asserting eleven different bases, one of which was ineffective assistance of counsel. Docs. 210, 210-1. On April 17, 2018, this Court entered an Opinion and Order Denying Defendant's Motion to Withdraw Guilty Plea, Doc. 246, which addressed each of Lytle's eleven separate assertions.

On April 20, 2018, this Court sentenced Lytle to 60 months for conspiracy to misbrand medical devices and to 84 months consecutive for criminal contempt. Docs. 256, 263. Lytle had agreed in his Plea Agreement to "make restitution sufficient to repay all consumers who purchased

1

a QLaser" and "that the proceeds derived from QLaser sales total at least $16,669,015." Doc. 178 at ¶ J. This Court chose to leave restitution open, however, because there was some uncertainty as to the proper amount of restitution under the Mandatory Victims Restitution Act, the amount of restitution to be paid by a co-defendant and by a related defendant and thus the amount of restitution owed jointly and severally, and the order in which victims were to be paid restitution. After the sentencing hearing, Lytle filed a Notice of Appeal, Doc. 269, fired his privately retained attorney, sought appointment of new counsel, and received appointment of a new attorney. Doc. 298. Consequently, the restitution hearing at counsel's request was postponed and not ultimately conducted until September 21, 2018. Doc. 354. The parties are in the process of submitting supplemental information to assist this Court in making a final ruling on restitution.

Meanwhile, Lytle, with the assistance of his CJA panel counsel, has filed a "Motion to Reconsider Motion to Withdraw Plea," Doc. 321, and supporting material, Docs. 322-1, 322-2, 322-3. Lytle filed under seal additional information attributing his signing of the Plea Agreement to being pressured and misinformed by his privately retained attorney and claims that he did not even read the Plea Agreement.

### I.  Standard for a Motion to Withdraw a Guilty Plea

A defendant may withdraw a guilty plea after a court accepts the plea but before it imposes sentence if the defendant "can show a fair and just reason for requesting the withdrawal." United States v. Arafat, 789 F.3d 839, 843 (8th Cir. 2015) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." United States v. Sharp, 879 F.3d 327, 333 (8th Cir. 2018). "A defendant bears the burden of establishing a fair and just reason." Id. Indeed, "[p]leading guilty is a solemn act not to be set aside lightly." United States v. Briggs, 820 F.3d 917, 919 (8th Cir. 2016) (internal quotation marks omitted).

"Even if a defendant shows a fair and just reason for withdrawal, the court must consider other factors before granting the motion, namely, whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion." United States v. McHenry, 849 F.3d 699, 705 (8th Cir. 2017) (internal quotation marks omitted). However, a court need not consider these additional factors if a defendant fails to demonstrate fair and just grounds justifying the withdrawal of his plea. United States v. Norvell, 729 F.3d 788, 793 (8th Cir. 2013).

## II. Discussion

Lytle's current motion to withdraw his Plea Agreement is based on alleged ineffective assistance of his privately retained attorney. "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if the defendant demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." Norvell, 729 F.3d at 795 (quoting United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996)). However, while ineffective assistance of counsel may constitute a ground upon which to withdraw a guilty plea, the Eighth Circuit has observed that such claims are "usually best litigated in collateral proceedings," with the benefit of a more fully developed record. United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) (declining to consider, on defendant's direct appeal, his argument that he should have been permitted to withdraw his guilty plea due to ineffective assistance of counsel).

When Lytle previously sought to withdraw his guilty plea prior to sentencing, this Court found those ineffective assistance claims to appear to lack merit. Doc. 246 at 3. Lytle previously contended that Ellery Grey (Grey) "forgot" to put a clause in the Plea Agreement to protect his "constitutionally secured right to [a]ppeal, trial by jury and other rights[,]" and that Lytle would

3

"never knowingly or willingly" have waived his right to challenge his indictment. Doc. 210-1 at ¶ 31. Lytle argued that Grey's failure to inform him of the procedures for entering a conditional plea thus constitute ineffective assistance. Doc. 210-1 at ¶ 32. The United States Attorney of course would never enter into a plea agreement where a defendant preserved his jury trial rights because a primary purpose of a plea agreement is to obtain a conviction on some count or counts without the time and expense of a jury trial. The United States Attorney for the District of South Dakota rarely enters into a plea agreement where a defendant preserves rights to challenge an indictment on appeal, and regardless Lytle has the right to challenge jurisdiction of this Court on appeal. Lytle had been fully informed during his change of plea hearing that he was waiving his rights to appeal most aspects of his case.

> The Court: In your Plea Agreement it indicates you have waived, which means you've given up, your right to appeal everything about your case, except if I sentence you higher than your advisory guideline range. You can appeal whether that's reasonable or not. Or if you think the Court doesn't have jurisdiction over you or your case, you can appeal whether there's jurisdiction. But you've given up your right to appeal everything else about your case. Do you understand that?
> [Lytle]: Yes.

Doc. 231 at 9–10. Lytle's previous argument that he would never have waived his right to challenge his indictment is "plainly contradicted by the Rule 11 colloquy at [Lytle's] change-of-plea hearing." United States v. Trevino, 829 F.3d 668, 672 (8th Cir. 2016); see also United States v. Cruz, 643 F.3d 639, 642–43 (8th Cir. 2011); United States v. Green, 521 F.3d 929, 932 (8th Cir. 2008). Indeed, Lytle's claims for ineffective assistance were further undermined by the fact that he does not have a *right* to enter a conditional plea but may do so only if the Government consents. See United States v. Smith, 422 F.3d 715, 724 (8th Cir. 2005) (noting that a defendant's argument to withdraw his guilty plea was undermined by the fact that the Government's consent to a conditional plea "was not forthcoming" prior to entering his guilty plea). Moreover, Lytle's

4

history of withdrawing from his earlier plea agreement before his change of plea demonstrated his relative sophistication and understanding of his rights to enter or not enter into a plea agreement. Lytle was fully informed that he was giving up certain rights to appeal, and he entered his plea knowingly and voluntarily.

Lytle's renewed motion to withdraw his Plea Agreement for ineffective assistance of counsel contends that his privately retained attorney pressured him to sign the Plea Agreement and to plead guilty. Lytle's argument runs contrary to his own testimony during his change of plea hearing:

> The Court: Has anyone made any promise or assurance to you that's not written down in writing in the Plea Agreement or the Plea Agreement Supplement to try to persuade you to accept those agreements?
> [Lytle]: No.
> The Court: Has anyone threatened you in any way to try to persuade you to accept those agreements?
> [Lytle]: No.
>
> ...
>
> The Court: Mr. Lytle, has anyone attempted in any way to force you to plead guilty today?
> [Lytle]: No.
> The Court: Has anyone threatened you to try to make you plead guilty?
> [Lytle]: No.
> The Court: Are you pleading guilty of your own free will because you are guilty?
> [Lytle]: Yes.

Doc. 231 at 5–6. The Rule 11 colloquy at Lytle's change of plea hearing clearly demonstrates that Lytle was not entering the plea based on any form of coercion, but rather of his own accord and free will. "Allegations that contradict a defendant's statements at the change of plea hearing are inherently unreliable." McHenry, 849 F.3d at 706 (internal quotation marks omitted). "The district court inquired fully into [Lytle's] state of mind at the time of the change of plea hearing, whether he had adequately reviewed and considered the plea agreement, and whether he understood the plea agreement and the consequences of pleading guilty." United States v. Austin,

413 F.3d 856, 858 (8th Cir. 2005) (per curiam); see also United States v. Dotstry, No. 16-346 (SRN/HB), 2017 WL 5462183, at *6 (D. Minn. Nov. 13, 2017) (rejecting defendant's motion to withdraw guilty plea based on coercion where "[a]t the change of plea hearing, [defendant] testified that he entered the plea voluntarily, of his own free will and absent any coercion"). Lytle's allegation of being coerced by his defense attorney, plainly contradicted by his testimony at his change of plea hearing, fails to constitute fair and just reasons to allow him to withdraw his guilty plea now.

Lytle's also claims that his defense attorney misinformed him about the possible sentence and restitution obligation, but this claim is directly contradicted by the written plea agreement itself. Doc. 178. The plea agreement expressly stated that the maximum sentence for the conspiracy to misbrand medical devices was five years and that criminal contempt had no maximum sentence. Doc. 178 at ¶ C. The term Lytle had negotiated for—dismissal of the Indictment of his wife Fredretta Eason—is embodied in the plea agreement. Doc. 178 at ¶ D. The restitution obligation of as much as $16,669,015 is clear in the plea agreement. Doc. 178 at ¶ J.

Lytle however says that he signed the plea agreement without reading it and instead relied on what his defense attorney allegedly said. Yet, Lytle's assertions in this regard contradict his sworn testimony during his change of plea hearing. After being sworn and acknowledging his understanding that he was under oath and subject to perjury or false statement charges if he testified falsely, Doc. 231 at 3, Lytle responded to the Court's questions as follows:

> THE COURT: Did you receive a copy of the Superseding Information, which is the charge that's pending against you?
> THE DEFENDANT: Yes.
> THE COURT: Have you had a chance to discuss that that charge and your case, in general, with Mr. Grey, as your lawyer?
> THE DEFENDANT: I have.
> THE COURT: Are you fully satisfied with the counsel, representation, and advice that you've received about your case from Mr. Grey?

> THE DEFENDANT: I am.
> THE COURT: I see that you entered into a Plea Agreement and a Plea Agreement Supplement with the Government.
> Did you have a chance to read and discuss those documents with your lawyer before you signed them?
> THE DEFENDANT: I did.
> THE COURT: And do the Plea Agreement and the Plea Agreement Supplement represent in their entirety all of the understandings or agreements that you have with the Government?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand all of the terms of the Plea Agreement and the Plea Agreement Supplement?
> THE DEFENDANT: Yes.
> THE COURT: Has anyone made any promise or assurance to you that's not written down in writing in the Plea Agreement or the Plea Agreement Supplement to try to persuade you to accept those agreements?
> THE DEFENDANT: No.

Doc. 231 at 4–5. The Court accurately and properly advised Lytle of the maximum penalties he faced if he proceeded to plead guilty. Doc. 231 at 7–9. On the restitution topic, Lytle testified:

> THE COURT: So you've agreed to make restitution to repay all consumers who purchased a QLaser, and you agreed that the proceeds derived from the QLaser sales totaled at least $16,669,015.
> Do you understand you've made that agreement?
> THE DEFENDANT: Yes.

Doc. 231 at 12–13. Lytle then proceeded to plead guilty to both offenses in a manner the Court found to be knowing and voluntary. Doc. 231 at 17. If Lytle did not read the plea agreement, he appeared to testify falsely that he had. See Doc. 231 at 5. Even if he somehow did not read his plea agreement and misunderstood the possible penalties, the Court accurately explained the maximum penalty and restitution commitment, correcting any misinformation that Lytle claims to have received. Lytle's assertions appear to be "plainly contradicted by the Rule 11 colloquy at [Lytle's] change-of-plea hearing." Trevino, 829 F.3d at 672.

As this Court believes it stated at the restitution hearing, the renewed motion to withdraw the guilty plea likely is better made in a § 2255 motion, particularly when Lytle has already filed

7

a Notice of Appeal and the remaining issue before this Court is restitution. Because the motion requested reconsideration of this Court's prior order, the Court addresses it here so that the Eighth Circuit on appeal has a complete record, and this Opinion and Order is entered without prejudice to Lytle filing a later § 2255 motion.

### III. Conclusion and Order

For the reasons explained above, it is hereby

ORDERED that Lytle's "Motion to Reconsider, Motion to Withdraw Plea," Doc. 321, is denied without prejudice to Lytle later filing a motion under 28 U.S.C. § 2255. The Clerk of Court is directed to mail to Lytle the package for a 28 U.S.C. § 2255 motion.

DATED this 23rd of October, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE