UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LARRY LYTLE,<br><br>Defendant. | **3:17-CR-50020-RAL**<br><br><br>**OPINION AND ORDER ON RENEWED MOTION FOR COMPASSIONATE RELEASE** |

In April of 2020, Robert Larry Lytle (Lytle) filed a motion for compassionate release. Doc. 434. On August 17, 2020, this Court issued an opinion and order denying Lytle's motion. Doc. 456. About four months after this Court's judgment, Lytle filed a renewed motion for compassionate release with this Court. Doc. 458. The Government has responded in opposition. Doc. 459.

I.      **Exhaustion of Administrative Remedies**

As a threshold matter, this Court must determine whether Lytle was required to exhaust his administrative remedies. The Government contends that Lytle was required to submit his case to the warden of his institution because Lytle essentially presents new grounds for compassionate release. Doc. 459 at 2–3. To support this contention, the Government cites to a prior decision from this Court as well as authority from other jurisdictions. In United States v. Hansen, 4:13-cr-40053-KES, Doc. 119, this Court granted the defendant's motion for reconsideration before giving the government an opportunity to respond to the defendant's motion. Consequently, the government filed its own motion to reconsider in which it pointed out that the defendant had failed to exhaust his administrative remedies. Id. Agreeing with the government, this Court granted the

1

government's motion to reconsider and denied the defendant's motion to reconsider. Id.; see also United States v. Nwankwo, No. 12 CR 31(VM), 2020 WL 7335287, at *1 (S.D.N.Y. Dec. 14, 2020) (citing United States v. Read-Forbes, No. CR 12-20099-01, 2020 WL 4726685, at *3 (D. Kan. Aug. 13, 2020) ("To file a renewed motion, however, defendant first must exhaust administrative remedies based on the new information." (citing cases)).

While Lytle relies on his original arguments to support his motion for reconsideration, Lytle advances new arguments as well. After having considered each of Lytle's new arguments, this Court concludes that it does not need to opine on whether Lytle exhausted his administrative remedies because even if the administrative exhaustion requirements have been met, Lytle's case fails on the merits.

## II.     Merits of Lytle's Case

Lytle's renewed motion for compassionate release is based on the following three grounds: (1) the increase in number of confirmed cases of COVID-19 at Federal Correctional Institution Gilmer (FCI Gilmer); (2) the development of legal authority surrounding the compassionate release remedy under 18 U.S.C. § 3852(c)(1)(A); and (3) the four months that have passed since this Court issued its opinion and order denying Lytle's original motion for compassionate release. Doc. 458 at 1. This Court will now address each of Lytle's arguments in turn.

First, Lytle points out that the number of confirmed COVID-19 cases at FCI Gilmer has increased "dramatically," and argues in turn that he faces a greater risk of infection. Doc. 458 at 3–4. At the time this Court issued its ruling in August, FCI Gilmer had zero active inmate infections of COVID-19 and one active COVID-19 case among the facility's staff; five inmates had recovered from the illness, and the facility had reported no deaths. Doc. 456 at 14. As it stands today, FCI Gilmer currently has 16 active inmate infections of COVID-19 and five active COVID-

19 cases among the facility's staff; 149 inmates and 17 staff have recovered from the illness, and the facility still has reported no deaths. See COVID-19, Coronavirus, Federal Bureau of Prisons https://www.bop.gov/coronavirus/ (last visited Dec. 28, 2020).

While it is true that the number of active cases and the number of those that have recovered from the illness have increased since August, the fact remains that the facility has reported no inmate or staff deaths. The BOP has taken precautions to protect Lytle and his fellow inmates. See BOP   Implementing   Modified   Operations,   Federal   Bureau   of   Prisons, https://www.bop.gov/coronavirus/ covid19_status.jsp (last visited Dec. 28, 2020).

In any event, even with the increase in COVID-19 cases, this Court cannot say to what extent Lytle's life is at risk. The CDC has acknowledged that individuals over eighty-five are at the greatest risk for developing a severe illness if they contract COVID-19 and has identified hypertension as a condition which might increase a person's risk. See Older Adults, Centers for Disease   Control   and   Prevention,   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Dec. 28, 2020); People with Certain Medical Conditions, Centers for Disease Control and Prevention,https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Dec. 28, 2020). Although Lytle is 85 years old and suffers from several medical conditions including hypertension, the likelihood that he will suffer severe complications if he contracts disease remains unknown.

Next, Lytle emphasizes that an increasing number of prisoners have been granted compassionate release by courts since the COVID-19 outbreak and contends that the increased number of granted motions should weigh in his favor. Doc. 458 at 4. However, Lytle fails to cite

to any cases in which similarly situated defendants were granted compassionate release. Lytle's case presents unique circumstances because he was committing fraud well into his eighties, in total disregard of the preliminary injunction that this Court had issued. Further, he was unrepentant for his actions up until sentencing. Thus, while more defendants across the nation may be receiving sentence reductions than they did during a pre-COVID-19 era, there are special circumstances here that militate against compassionate release.

Finally, Lytle argues the § 3553(a) sentencing factors now support a time-served sentence because he has served an additional four months since this Court's August ruling. This Court disagrees. Lytle received effectively a 12-year custody sentence for the offenses to which he pled guilty. According to his BOP custody records, Lytle has served only 17.3% of his full term, and 20.3% of his "statutory term." Doc. 443 at 182. That Lytle has served an additional four months since this Court's August ruling does little to move the needle. Lytle has still only served less than a fourth of his custody sentence. Given the facts and circumstances of the offense, which this Court discusses at more length in its August ruling, see Doc. 456, a time-served sentence remains insufficient to achieve the goals of the §3553(a) sentencing factors.

In sum, this Court carefully considered the applicable law and how it applied to Lytle's case in reaching its decision on Lytle's original motion for compassionate release. This Court ultimately determined that compassionate release was not warranted, and Lytle has not presented any evidence that justifies a different outcome. For the reasons stated herein as well as those reasons previously articulated by the Court, see Doc. 456, this Court denies Lytle's renewed motion for compassionate release, Doc. 458.

Therefore, it is hereby

ORDERED that Lytle's Renewed Motion for Compassionate Release, Doc. 458, is denied.

DATED this 29th day of December, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE