UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT LARRY LYTLE,<br><br>Defendant. | 5:17-CR-50020-RAL<br><br><br>OPINION AND ORDER DENYING THIRD MOTION FOR COMPASSIONATE RELEASE AND DEFENDANT'S OTHER PENDING MOTIONS |

Defendant Robert Larry Lytle is currently serving a 144-month sentence for conspiracy to introduce misbranded medical devices into interstate commerce and criminal contempt. Lytle was sentenced by the undersigned on April 20, 2018, and is currently incarcerated at a federal medical facility in Lexington, Kentucky. Lytle has filed another motion for compassionate release under the First Step Act, Doc. 510, and a motion seeking to have the time he wore an ankle monitor in advance of his conviction credited to his sentence, Doc. 513. Those motions are denied.

I.  **Motion for Compassionate Release**

Lytle has filed his third motion for compassionate release, Doc. 510, and asked this Court to expedite review of that motion, Doc. 516. The Government opposes the motion. Doc. 512. This Court denied Lytle's first motion for compassionate release in August 2020. Doc. 456. In that ruling, this Court acknowledged and indeed discussed at length Lytle's poor health and increased risk of developing a severe illness were he to contract COVID-19. Id. at 14. Despite Lytle's poor health, this Court concluded he was not entitled to compassionate release for a whole

host of reasons; for example, Lytle had only served a small fraction of his sentence and remained at a high risk of reoffending were he to be released. Id. at 15. Lytle renewed his motion for compassionate release just a few months later in December 2020, which this Court denied shortly thereafter because Lytle had not presented any additional evidence to justify a different outcome. Doc. 461.

Only a few things have changed since this Court denied Lytle's last request for compassionate release and none weigh in favor of granting his most recent motion. Lytle has completed almost three more years of his sentence, but he still has only served 38.3% of his full term and 45% of his statutory term. Doc. 511 at 1321. According to Lytle, who is now 87 years old, his health has further deteriorated, but he has received at least three doses of the COVID-19 vaccination[1] and has contracted and recovered from COVID-19 apparently twice.[2] In his latest filing, Lytle reports being scheduled for an upcoming heart procedure at the University of Kentucky Medical Center, Doc. 516, which indicates that Lytle is receiving proper health care. This Court's conclusion that the sentence Lytle received was sufficient but not greater than necessary to achieve the sentencing purposes identified in 18 U.S.C. § 3553(a) has not changed, and none of the new circumstances Lytle relies on in his most recent motion are extraordinary or compelling reasons warranting his release at this time. Accordingly, Lytle's expedited motion for compassionate release, Docs. 510, 516, is denied.[3] At least so far as this Court is aware, Lytle has

---

[1] Lytle received doses of the COVID-19 vaccine in February, March, and December 2021. Doc. 511 at 549.

[2] According to his medical records, Lytle had a confirmed case of COVID-19 in January 2021, Doc. 511 at 1116, and in a previous filing with this Court, Doc. 501, Lytle indicated he also had COVID-19 sometime around June 2022.

[3] In his motion, Defendant also requests that this Court appoint counsel to represent him, but that request is denied for the same reasons this Court denied that request in the September 30, 2022, Order Denying Motion to Appoint Counsel, Doc. 505.

remained unrepentant for his criminal activity. If this Court was provided with sufficient assurances that Lytle poses no future threat of defrauding the public, this Court may be open to reconsidering this ruling once Lytle has served at least half of his sentence.

## II. Motion for Time Credit.

Lytle's motion seeking to have the time he wore an ankle monitor in advance of his conviction credited to his sentence, Doc. 513, is also denied. 18 U.S.C. § 3585 provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

(emphasis added). Lytle's time wearing an ankle monitor while on pre-trial release is not considered "official detention" for purposes of sentencing credit. Cf. Moreland v. United States, 968 F.2d 655 (8th Cir. 1992) (holding a presentence defendant released to a halfway house is not in detention for the purposes of sentencing credit); United States v. Wickman, 955 F.2d 592, 593 (8th Cir. 1992) (holding that time defendant spent on pre-trial house arrest not considered detention for the purposes of sentencing credit). Lytle is therefore not entitled to credit for the time he spent wearing an ankle monitor.

## III. Conclusion

For the reasons stated above, it is

ORDERED that Defendant's Motion for Compassionate Release, Docs. 510 and 516, is denied. It is finally

ORDERED that Defendant's Motion for Ankle Monitoring Credit, Doc. 513, is denied.

DATED this 7th day of March, 2023.

                    BY THE COURT:

                    _____
                    ROBERTO A. LANGE
                    CHIEF JUDGE