**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,
v.
ROBERT LARRY LYTLE, et al.,
Defendants.
Case No. 5:17-cr-50020-RAL

**MOTION TO UNSEAL DOCUMENT 101**

# I. INTRODUCTION

Movant Matthew James Channon, a journalist and documentary filmmaker investigating the integrity of federal grand jury proceedings, respectfully moves this Court to unseal Document 101 in the above-captioned case. Document 101 is a government-authored litigation filing to which Document 101-1 — a Transcript of Return of Indictments dated January 26, 2017 — is attached as a public exhibit. The sealed portion of Document 101 contains no grand jury testimony, no witness identities, and no deliberative material. It is the government's own brief. There is no legitimate basis under Rule 6(e) or any other authority to keep a government litigation filing sealed from the public.

# II. BACKGROUND

On October 3, 2017, the government filed Document 101 under seal. Attached to it as Document 101-1 is a four-page Transcript of Return of Indictments, certified by court reporter Connie Heckenlaible on August 21, 2017 — nine months after the January 26, 2017 proceeding it purports to describe. Document 101-1 is already part of the public record. The underlying proceeding it describes was held in open court. The Rule 6(f) motion to which Document 101 responds is public. The only thing sealed is the government's own arguments.

Document 101-1 presents several facial irregularities that have become the subject of ongoing public interest journalism, including: a certification placing the proceeding in Pierre, South Dakota, while the transcript title page identifies Rapid City, South Dakota; a certification referencing both FTR recording and personal shorthand notes as the basis for transcription; and the complete absence of any statement by

1

the grand jury foreperson who is identified in the transcript as present in the courtroom. These irregularities, and the government's litigation response to the Rule 6(f) challenge that prompted them, are matters of legitimate public concern.

## III. LEGAL STANDARD

The public enjoys both a First Amendment and a common law right of access to judicial records. Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986); Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). This right creates a strong presumption in favor of public access that can be overcome only by demonstration of a compelling interest, narrowly tailored to serve that interest. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

Federal Rule of Criminal Procedure 6(e) protects grand jury secrecy with respect to matters occurring before the grand jury — testimony, deliberations, the identities of witnesses and jurors. It does not extend to government-authored briefs arguing legal positions in response to defense motions. The government has no Rule 6(e) privacy interest in its own litigation conduct. Cf. In re Grand Jury Subpoena, 274 F.3d 563, 571 (1st Cir. 2001) (Rule 6(e) protects what happens in the grand jury room, not everything tangentially related to a grand jury investigation).

## IV. ARGUMENT

### A. Document 101 Is a Government Brief, Not a Grand Jury Record.

Document 101 was filed by the government in response to a defense motion challenging grand jury procedures under Rule 6(f). It is the government's own legal argument. Whatever it contains — legal analysis, factual representations, characterizations of the attached transcript — it is the government's work product submitted to this Court as part of public adversarial litigation. Rule 6(e) was never intended to shield the government's own advocacy from public view. To hold otherwise would allow the government to seal any filing merely by attaching it to grand jury-related proceedings, effectively exempting an entire category of government litigation conduct from the public record.

2

## B. The Public Interest in Access Is Substantial.

Document 101-1 — the exhibit the government filed to support Document 101 — is already public and has attracted scrutiny regarding its provenance and certification. The government's response to the Rule 6(f) challenge, including any representations it made about how the transcript was obtained, who certified it, and why the certification contains the irregularities it does, is directly material to ongoing public interest journalism about the integrity of federal grand jury return procedures. The public cannot evaluate the government's position on these questions because the government's position is sealed.

## C. No Compelling Interest Justifies Continued Sealing.

The conviction in this case is final. The defendants have been sentenced. There is no pending investigation to protect, no cooperating witness whose safety depends on secrecy, and no ongoing proceeding that sealing serves. The only remaining effect of keeping Document 101 sealed is to prevent public scrutiny of the government's own litigation conduct in response to a grand jury integrity challenge. That is not a compelling interest. It is the opposite of one.

# V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court unseal Document 101 in its entirety and make it available on the public docket. In the alternative, Movant requests that the Court unseal any portions of Document 101 that do not constitute matters occurring before the grand jury within the meaning of Rule 6(e), and provide a written explanation for any portions that remain sealed.

Respectfully submitted,

Matthew James Channon
Pro Se
7100 Gladden Ave NE
Albuquerque, NM 87110
505-288-5566
mchannon@hushmail.com

3

CHANNON
7100 GLADDEN AV NE
ABQ NM 87110

ALBUQUERQUE NM 870

5 AUG 2026 PM 3 L

CLERK OF COURT
515 NINTH ST
RAPID CITY SD 57701

57701-244099



X-RAYED BY
SOUTH DAKOTA
CSO